### Givens *versus* Miller *et al.*

62   · 133
24 SC ⁴394
26 SC ⁴649

62      133
f 28 SC ³158

1. Proceedings by a landlord to recover possession were commenced by the justice by a summons in debt in which no reference was made to a complaint; the defendant appeared on the return day, but refused to remain to make defence or hear testimony. *Held*, that this did not waive the irregularity in the summons.

2. Under the Act of 1863 (Landlord and Tenant) and supplements, the justice must find that the plaintiff was peaceably possessed of the premises and delivered them to the tenant or some one under whom he claims, that the term is fully ended and he gave three months' previous notice of a desire to repossess.

3. The facts found by the justice must appear in the record of the judgment or by reference to the complaint, if fully set forth therein.

4. The jurisdiction under the Landlord and Tenant Act is special, and the record of the magistrate must contain every essential to support his judgment.

5. Nothing which ought to appear in such proceeding can be taken by intendment.

May 11th 1869.  Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the Court of Common Pleas of ˙*Cumberland county*: No. 42, to May Term 1869.

The proceedings below commenced before a justice of the peace on the 15th day of April 1868, upon the complaint of Catharine Miller and others against Nathaniel Givens, to obtain possession of premises which, it was alleged, he held under lease from the ancestor of the complainants. The complaint described the premises by adjoiners, " containing —— acres, more or less," and that the lease was "for one year, or at will." Upon the complaint, the justice issued the following writ to the constable:—

"We command you that you summon Nathaniel Givens to appear on Saturday, the 25th day of April, at 2 o'clock in the afternoon, before George Hoover, Esq., one of the justices of the peace, &c., * * to answer Catharine Miller, &c., * * of a plea of debt or demand not exceeding one hundred dollars."

The justice's record was as follows:—

"Catharine Miller, &c., *v.* Nathaniel Givens.  Proceedings under Act of Assembly relative to landlords and tenants, passed the 14th day of December, A. D. 1863 and Sup. of 20th Feb. A. D. 1867.

"Be it remembered that on the 15th day of April 1868, complaint was made before me, George Hoover, one of the justices of the peace, &c., on oaths of Catharine Miller, &c., being the sisters of the full blood and heirs of John Single, deceased, that the said John Single in his lifetime leased the said premises to one Nathaniel Givens for the term of one year or at will, of which John Single was quietly and peaceably possessor of a certain tract, &c., containing fifty-six acres more or less, with a dwelling-house, &c.,

[Givens *v.* Miller.]

under the said tenact act and the supplement thereto, that the said term is fully ended and the aforesaid heirs of John Single, deceased, being desirous on the termination of the said term to have and repossess the aforesaid property or estate of John Single, deceased. We, the aforesaid heirs did on the thirty-first day of December 1867, demand and require the said Nathaniel Givens to remove from and leave the said premises, that three months have elapsed since the service of the said notice, and that the said Nathaniel Givens has hitherto refused and still does refuse to comply therewith, whereupon the said George Hoover, justice as aforesaid, did on the 20th day of April 1868, issue his precept to Wilson Reed, constable, &c., commanding him the said Nathaniel Givens to be and appear before the said George Hoover, &c., on Saturday, the 25th day of April 1868, at 2 o'clock of said day.

"Summons served April 21st by copy. April 25th, parties appeared.

"After hearing the proof and allegations of plaintiffs' witnesses, and the defendants not offering nor even staying to make a defence and the proofs that were produced before me on the 25th day of April, and looking at the Act of the 14th day of December, and supplement of the 20th day of February 1867, 'Judgment in favor of plaintiffs and against Nathaniel Givens, defendant for twenty dollars as damages to be levied of the goods and chattels of the said defendant and the immediate possession of the property now held forcibly by said Nathaniel Givens unto the plaintiffs.'

"April 30th 1868, warrant of restitution issued to constable Wilson Reed."

The defendant removed the proceedings into the Court of Common Pleas by certiorari. After hearing, the Court affirmed the proceedings of the justice, and ordered them to be remitted to the justice for further proceeding. The complainants took out a writ of error and filed the following assignment of error:—

. "The complaint of claimants, the summons issued and the finding of the justice are not in accordance with the Acts of Assembly, and the court erred in remitting them for further proceedings."

*L. J. W. Foulke* and *C. E. Maglauglin,* for plaintiff in error, cited Act of December 14th 1863, § 1, Pamph. L. (1864) p. 1125; Purd. 1341, pl. 1.

*M. C. Herman* and *A. B. Sharpe,* for defendants in error, cited Act of 1863, *supra;* Acts of April 11th 1866, Pamph. L. 97; February 20th 1867, § 1, Pamph. L. 30, Purd. 1431, pl. 1, 2; 1465, pl. 1.

The opinion of the court was delivered, July 6th 1869, by

[Givens *v.* Miller.]

Thompson, C. J.—This was a case of proceedings under the Act of the 14th December 1863, to recover certain leased premises in possession of the defendant. They were begun by the justice by an ordinary summons in debt not exceeding $100, without reference to any complaint whatever made, to recover leased premises, and ended in a judgment for plaintiffs for $20, "and the immediate possession of the property, now held forcibly by said Nathaniel Givens, unto the plaintiffs."

The summons might have been sufficient had the defendant appeared to it; but it seems, by the justice's docket, that the defendant, although he came to the office at the time for hearing, would not remain to make any defence or hear the testimony. This was hardly such an appearance as waived the irregularity. He appeared to meet a claim of debt, as commanded by the summons; this surely would not fix him as appearing in another cause in which he was not summoned. Of itself this ought to have been sufficient, we think, to have set aside the proceedings in the court below.

The Act of Assembly shows that in proceedings to recover the possession of demised premises, the justice, in order to render judgment for a plaintiff, must find or make an inquest of certain facts, which must appear of record, either in his judgment, or by reference to the complaint as true, viz.: that the plaintiff was peaceably possessed of the said premises, that he demised the. same to the tenant in possession, or to some other person under whom he claims, and that the term for which the same was demised is fully ended, and that three months' previous notice has been given of his desire to repossess the same. This is an inquest of facts which, if found true by the justice, must appear to have been so found by him in the record of his judgment, or by reference to the complaint, if fully set forth therein, as true. They are the essential supports of his judgment, and must appear to have been established in order to sustain a judgment for the plaintiff. Here the justice neither sets out this inquest in his judgment nor does he say the facts in the complaint are true; so that his record is fatally defective. We have held this in several cases, which I regret I cannot refer to specially, as they are not yet reported. Indeed, had there been a reference to the complaint, as established by the proof, it would scarcely have been sufficient, in my opinion, to have justified the judgment. The premises are not sufficiently described. There are boundaries given of the land, but the acres are in blank, with the addition of "more or less." By right the number of acres should have been set out if in the case. But passing this by, the lease is said to be for "*a year or at will.*" One or other should have been stated as the term or condition of demise. Perhaps this may be attributable to following a form too strictly, and although, if everything else had been right, we

[Givens *v.* Miller.]

might not be disposed to disturb the judgment; yet as the case is to be reversed for the irregularities noticed, it is thought proper to notice these also. The jurisdiction under the Landlord and Tenant Act is special, and the record of the magistrate must contain every essential to support his judgment. Nothing can be taken by intendment in such a proceeding, which ought to appear.

Judgment of the Common Pleas reversed, and the proceedings of the magistrate are directed to be reversed by that court for the reasons given above.