## Buchanan *versus* Baxter.

1. In landlord and tenant proceedings under the Act of 1772, the inquisition is part of the record.

2. If in the record of the justices' proceedings, the finding of the inquest that there should be restitution of the premises is not explicitly set out, it might be corrected by the inquisition.

3. A certiorari to proceedings under Act of 1772 does not bring up the evidence.

4. Although on a certiorari to proceedings under the Act of 1772, the court below might hear facts by affidavit, it would be an unsafe rule.

5. Form in Binns's Justice, edition of 1870, p. 535, as to proceedings under Act of 1772, approved.

6. Duff *v.* Fitzwater, 4 P. F. Smith 224, Snyder *v.* Carfrey, Id. 90, recognised.

January 13th 1871.    Before THOMPSON, C. J., READ, AGNEW and WILLIAMS, JJ.    SHARSWOOD, J., at Nisi Prius.

Certiorari to the Court of Common Pleas of *Philadelphia*: Of July Term 1870, No. 142.

These proceedings were commenced, April 8th 1870, before David Beitler and George Moore, Esquires, two aldermen of Philadelphia, by John Baxter against James Buchanan to recover possession of "a store, tenement and appertenances" at the corner of Second and Christian streets, Philadelphia.

The inquistion was taken, April 12th 1870; it found that the plaintiff was "possessed of a certain store, tenement and appertenances," &c., and demised them to the defendant for a year from the 15th of April 1869, &c., at the rent of $500; that the defendant entered by virtue of the demise, &c.; that the plaintiff, on the 14th of December 1869, gave the defendant notice to remove, which he refused, &c.

"Whereupon it is considered by the said aldermen that restitution of the said demised premises be made to the said John Baxter, and that he recover of the said James Buchanan, one dollar damages aforesaid, together with the costs of suit, amounting to forty-five dollars."

The record of the aldermen set out the complaint of the plaintiff stating as the inquest found, the precept to the sheriff, the hearing before the inquest, witnesses examined by the plaintiff and defendant, and inquisition :—

The record concludes, "Therefore it is considered and adjudged by us, the said aldermen, that the said John Baxter shall and do recover and have of the said James Buchanan as well the said sum of one dollar for his damages aforesaid, as forty-five dollars for his reasonable costs, by him expended in and about this suit in this behalf concerning which the premises aforesaid we do make this our record."

The defendant removed the proceedings by certiorari into the

[Buchanan v. Baxter.]

Court of Common Pleas, and suggested a diminution of the record.

The suggestions were :—

2. The aldermen have not returned the copy of bill in equity, Baxter v. Buchanan, produced and admitted in evidence before them, filed in this court in September Term 1869 by the said John Baxter against the said James Buchanan, and alleging that as to a part of the premises in dispute, to wit, the store, the occupancy and tenancy thereof was and still is in partnership between the said John Baxter and James Buchanan, and that the rent of the dwelling part of said premises was $250 per year.

3. The aldermen have not returned the notes of John Baxter's testimony, taken before the examiner after answers filed by James Buchanan, in the said equity proceeding, alleging under oath that the said store was occupied by himself and James Buchanan as copartners.

4. The aldermen have not made any reference to the said evidence offered before them on behalf of the said James Buchanan.

He also filed the following exceptions :—

1. The record of the aldermen shows no judgment of possession.

2. The aldermen have not returned with the record, the copy of the bill in equity, &c. (as mentioned in the 2d suggestion).

3. The evidence before the aldermen and inquest showed that, as claimed by the said John Baxter, the defendant Buchanan was tenant only of the dwelling part of the premises in dispute, and that the store, the remainder of said premises was occupied by the parties as copartners, the proceedings having been commenced to recover possession of the whole premises.

4. It appeared in evidence before the aldermen and inquest that there was a previous legal proceeding commenced in September Term 1869 in equity in this court, and still pending and undetermined, by the said John Baxter against the said James Buchanan, in which the question of the copartnership in the occupation of part of said premises was in process of adjudication.

The court refused the defendant leave to take testimony in support of the suggestions and exceptions; defendant then filed additional exceptions, viz. :—

1. The Act of 1772 is superseded by the Act of 1863 and its supplements, and this proceeding being under the Act of 1772 is illegal.

2. The court refused to permit the defendant to take testimony in support of the suggestion and exceptions filed.

The exceptions were dismissed, and the judgment of the aldermen affirmed.

The defendant removed the proceedings to the Supreme Court by certiorari.

He assigned for error :

[Buchanan *v.* Baxter.]

1. The refusal to allow the defendant to prove that he and plaintiff owned part of the premises jointly.

2. The refusal to allow the defendant to take testimony as to the suggestion of diminution of the record.

3. The refusal to reverse the proceedings of the aldermen on the ground that their record did not show an entry of judgment of possession.

4 and 5. Dismissing the exceptions and affirming the justices' judgment.

*J. H. Sloan* and *W. L. Hirst*, for certiorari.—The Act of March 22d 1814, § 1, 2 Sm. L. 176, Purd. 614, pl. 20, forbids proceedings under the Act of 1772 by one partner, &c., to dispossess another. The Act December 14th 1863, § 1, Pamph. L. (1864) 1125, Purd. 1341, pl. 1, supersedes Act of March 21st 1772, 1 Sm. L. 373, Purd. 613, pl. 18. Parol evidence was admissible: Road Commissioners *v.* Fickinger, 1 P. F. Smith 48. The award of the writ of possession should appear by the record, not merely by the inquisition: McMillan *v.* Graham, 4 Barr 140; Act of April 3d 1830, § 1, Pamph. L. 187, Purd. 614, pl. 21.

*D. W. Sellers* (with whom was *G. W. Dedrick*), for defendant in error, commented on the above Acts of Assembly, and cited McMillan *v.* Graham, *supra;* Railway Co. *v.* Keenan, 6 P. F. Smith 198; Snyder *v.* Carfrey, 4 Id. 90; Cook *v.* McDevitt, 6 Phila. R. 131.

The opinion of the court was delivered, February 9th 1871, by

THOMPSON, C. J.—In Snyder *v.* Carfrey, 4 P. F. Smith 90, this court held that proceedings before magistrates under the Landlord and Tenant Acts for recovery of demised premises, are not to be criticised with the extreme strictness that summary convictions on penal statutes are, but that only such substantial compliance with the letter and spirit of the acts is required, as might reasonably be expected to be within their competence, not being trained professional men.

This rule might be invoked here, if the criticism of the justices' record were more just than it is. The complaint is that the finding of the inquest, that restitution of the demised premises be made to the lessor, is not explicitly set out on the record. But even if this were true, it is apparent that it was a mere error, for the intention to set it out accurately and enter the judgment on the finding is also apparent, and it could be corrected by the inquisition itself. In fact, it is part of the record. But I do not think the objection well taken. The record here follows with the utmost strictness the form given in Binns's Justice in such cases, edition of 1870, by Brightly, p. 535. That form has been in use

[Buchanan *v.* Baxter.]

for more than a third of a century, and is copied from Graydon, which is much older. Hundreds of records have been made in accordance therewith, and so far as I know, it has never been condemned by any court. This error is therefore not sustained.

In Duff *v.* Fitzwater, 4 P. F. Smith 224, it is expressly decided that the Act of 1772 is not repealed by the Act of 1863, and more need not be said about it.

The certiorari does not bring up the evidence given before the justices; it is therefore only the regularity of the proceedings that the Common Pleas were to examine. It is true, that that court might, if it chose, go farther and hear facts by affidavits, but it would be an unsafe practice as a rule : Union Canal Co. *v.* Keiser, 7 Harris 134; and even if the court below were to hear affidavits, they could not come before this court : Id. It was, therefore, not error to refuse to hear affidavits against the proceedings of the inquest or magistrates.. On the same principle the proceedings in equity offered are not before us.

The Act of 1814 has nothing to do with this case. The defendant made no offer to bring himself within its provisions, and this settles the question made on that point. .

Finding no error in the record, the judgment is affirmed.