## McDermott *versus* McIlwain.

1. Jurisdiction in a justice under the Act of April 3d 1830 (Landlord and Tenant), will not be presumed, it must be affirmatively shown by the record.
2. In such proceedings the record must show the term for which the premises were demised.
3. The complaint is the basis of the proceedings; it should set out all the facts essential to the jurisdiction of the justice.
4. The Act of 1830 does not authorize proceedings against a tenant for life or ground-tenant in fee for non-payment of rent.

February 24th 1874. Before AGNEW, C. J., WILLIAMS, MERCUR and GORDON, JJ. SHARSWOOD, J., at Nisi Prius.

Error to the Court of Common Pleas of *Philadelphia*: Of July Term 1872, No. 113.

This was a proceeding under the Act of April 3d 1830 (Landlord and Tenant), Pamph. L. 181, 2 Br. Purd. 882; commenced before an alderman of Philadelphia, by Catharine McIlwain, executrix and devisee, &c., of James Rafferty landlord, and as agent of M. A. Kane, against Patrick McDermott.

The complaint was as follows, viz. :—

[McDermott *v.* McIlwain.]

" On the thirtieth day of April, A. D. one thousand eight hundred and seventy-two, before me, one of the aldermen of the city of Philadelphia, personally appeared Catharine McIlwain, who, being duly sworn according to law, saith : That she is sole executrix of, and devisee under, the last will and testament of James Rafferty, deceased, and agent for M. A. Kane ; that she demised a certain tenement, situate No. 940 Passyunk avenue, in the city of Philadelphia, to Patrick McDermott, reserving rent ; that the rent so reserved is in arrear and unpaid ; that there are not sufficient goods and chattels on the said premises to pay and satisfy the rent due, except such as are by law exempt from levy and sale, and that the said Patrick McDermott has (after being notified to quit the said premises within fifteen days from the date and service of said notice) refused to render and deliver up possession of the said demised premises.

her

CATHARINE ⋈ McILWAIN,

mark.    Executrix, &c.

" Subscribed, sworn to, and acknowledged before me the day and year first above written.   Witness my hand and official seal this thirtieth day of April, A. D. 1872.   JAMES HAGAN, alderman."

The justice's record, after stating the complaint, the several hearings, &c., proceeds :—

" May 15th 1872, at 9 o clock, A. M.   Plaintiff and defendant appear ; whereupon, after hearing the witnesses and parties, it appearing to the alderman that the complaint made in this case is in all particulars just and true, judgment is entered publicly against the said Patrick McDermott, that he deliver actual possession of the said premises to the landlord ; and it is ascertained that the amount of rent due before the date of the notice to quit and service thereof, is seventy-two dollars."

The defendant removed the record by certiorari to the Court of Common Pleas, where he filed, amongst others, these exceptions :

Because the record and complaint do not set forth or show the time when said alleged demise was made.

Because the record and complaint do not set forth or show whether said alleged demise was for a year, at will, or otherwise.

In not setting forth in the complaint that said alleged demise was for a year, at will, or otherwise.

Because the record does not set forth the nature, kind and amount of rent reserved, and when and to whom payable.

The Court of Common Pleas (Paxson, J.) overruled the exceptions, and affirmed the proceedings of the justice.   The tenant removed the record to the Supreme Court.   He there assigned for error the overruling of his exceptions, and the affirmance of the magistrate's proceedings.

[McDermott v. McIlwain.]

*E. B. Watson*, for plaintiff in error.—It must *appear* on the justice's record that he had jurisdiction: McGee *v.* Fessler, 1 Penna. R. 126; Blashford *v.* Duncan, 2 S. & R. 480; Shaffer *v.* Sutton, 5 Binn. 228; Freytag *v.* Anderson, 1 Ashmead 100; Fahnestock *v.* Faustenauer, 5 S. & R. 174; Logan *v.* Herron, 8 Id. 459; Cooke *v.* Reinhart, 1 Rawle 322; McMullin *v.* McCreary, 4 P. F. Smith 230.

*E. M. Hunt*, for defendant in error.—Substantial conformity to the act is all that is required: Buchanan *v.* Baxter, 17 P. F. Smith 350.

The opinion of the court was delivered, May 11th 1874, by

WILLIAMS, J.—If the alderman had jurisdiction of the proceedings in this case, the Common Pleas was right in affirming his judgment. But his jurisdiction cannot be presumed. It must be affirmatively shown by the record. It is clear that he had no jurisdiction of the proceedings, under the act, if the premises were not demised to the lessee for a term of years, or for a less period, and, therefore, the record should show the term for which they were demised. The complaint is the basis of the proceedings; and it should set out all the facts essential to the jurisdiction of the magistrate under the act. But the complaint in this case does not show the term for which the premises were demised, nor is it set out in the inquisition, if the finding of the term by the magistrate would supply or cure the omission. For aught that appears the demise may have been for life, or in fee, reserving rent; and if it was either, the magistrate had no jurisdiction. The defect in the record is not one of mere form but is matter of substance, otherwise a ground-tenant might be dispossessed by proceedings before an alderman under the act, for the non-payment of rent reserved by a deed of perpetual lease. It is plain that the act was not intended to authorize proceedings against a tenant for life, or in fee, for the non-payment of rent.

The other questions presented by the assignments of error need not be discussed, as the want of jurisdiction is fatal to the whole proceeding.

The judgment is reversed and the proceedings of the alderman are set aside at the costs of the complainant, the defendant in error.