## Maxwell *versus* Perkins.

93   255
133   282
93   255
24 SC 394

1. In a certiorari to the judgment of a magistrate in a proceeding by a landlord, under the Act of 1830, to recover possession of premises for non-payment of rent, it is sufficient if the transcript of the record of the magistrate discloses the facts necessary to give jurisdiction. It is not necessary that all the facts should be set forth in detail.

2. McKeon *v.* King, 9 Barr 213, followed.

February 23d 1880. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY and STERRETT, JJ. GREEN, J., absent.

Error to the Court of Common Pleas, No. 3, of *Philadelphia county :* Of January Term 1880, No. 103.

This was a certiorari to bring up the record from a magistrate in a proceeding by. John Maxwell, under the Act of April 3d 1830, Purd. Dig. 884, pl. 25, against Ellen R. Perkins, to recover possession of premises for non-payment of rent.

The complaint before the magistrate was as follows :

" On the 13th day of August, 1879, personally appeared John Maxwell before the subscriber, William H. List, Esq., magistate of Court No. 5, in and for the said city, and being duly sworn according to law, saith : That he demised the premises situated No. 226 North Ninth street, in the city of Philadelphia, for the term of one year, to Ellen R. Perkins, at a monthly rent of $45.84. That the said rent, to wit, the sum of $45.84, due on the first day of July, 1879, is in arrear and unpaid. That there are not sufficient goods and chattels on the premises to pay and satisfy the said rent, except such as are by law exempted from levy and sale, and that the said lessee has (after being notified to quit the said premises within fifteen days from the date of said notice, at which time the amount of rent due was demanded), refused to render and deliver up possession of said premises."

Upon which complaint a summons issued to the defendant, reciting the complaint and summoning her to appear at a certain time to answer. The summons was duly served.

The following is the magistrate's transcript as certified :

" August 13th 1879, the plaintiff appears and complains on oath that he demised to the defendant a certain tenement, situated No. 226 North Ninth street, in the city of Philadelphia, for the term of one year, at an annual rent of $540, from the first day of May 1879 ; that the rent thereof is in arrear and unpaid ; that there is not sufficient goods and chattels on the said premises to pay and satisfy the said rent, except such as are by law exempt from levy and sale ; that the said defendant has, after being notified to quit said premises within fifteen days, according to law, from the date of such notice, at which time the amount of rent was demanded, refused to render and deliver up possession of the said premises.

[Maxwell *v.* Perkins.]

"August 19th 1879, at 11 A. M., plaintiff appears, and defendant also.

"August 27th 1879, at 12 M. parties present. John Maxwell, plaintiff, sworn, claims $45.84 rent due of above premises to July 1st 1879. Copy of notice, produced and in evidence, served on defendant July 22d, to vacate in fifteen days. William G. Carroll sworn for plaintiff, Harriet E. Maxwell sworn for plaintiff; Ellen R. Perkins, defendant, sworn; Lizzie Henry sworn for defendant; there is not sufficient goods on the. premises to satisfy the rent in arrear. .

"Held under advisement to August 30th 1879.

"And now August 30th 1879, whereupon, on hearing, our said magistrate finds that the said complaint is in all particulars just and true, and enters judgment against the said lessee, that the said premises shall be delivered up to the lessor; and he also ascertains that the amount of rent due. by the defendant to the plaintiff is $45.84."

The following were the eighth and ninth exceptions to the record returned on the certiorari :

8. It does not appear from the evidence adduced before the magistrate or the complaint, that said rent is due until the end of the term, for which said premises were leased, to wit, one year, from the first day of May 1879.

9. The complaint shows that no rent is due until May 1st 1880.

The court, no opinion being filed, sustained the exceptions and reversed the judgment. This action of the court was assigned for error by Maxwell, who took this writ.

*Harold Mann, Henry C. Hawkins* and *E. R. Worrell,* for plaintiff in error.—Although the record shows that the defendant's exceptions were sustained generally, the decree of the court below was based upon the eighth and ninth exceptions, which state, that it does not appear from the complaint, that there was any rent due until the end of the term for which the premises were leased. The complaint, itself, which is a part of the record returned on certiorari, shows that the demise of the premises was for one year, at a monthly rent of $45.84, and that the said rent was due on the first day of July 1879. The magistrate, however, in reciting the complaint, states that it was an annual rent of $540 from the first day of May 1879, which is the aggregate amount of $45.84 per month. The court below, upon the argument, stated that it was an inference of law from this, that no rent was due until the end of the term. How can this be so when it appears from the magistrate's transcript that the rent was in arrear and unpaid, from which it naturally follows from the very meaning of the terms that it was due.

*J. Alexander Simpson*, for defendant in error.—A magistrate's court is not a court of record; the complaint must be recited by him in his docket, as must all pleas and all matters reviewable by the court below on certiorari. Nobody has access to his papers, and the exact situation of a case cannot be known except by obtaining a transcript of his record, his docket, as prescribed by sects. 4 and 23 of the Act of March 20th 1810, 5 Sm. Laws 164. As a necessary practice, therefore, and as a universal custom in the city of Philadelphia, the party against whom the magistrate decides obtains a transcript of the magistrate's record, and either appeals or removes the record by certiorari, accordingly as the transcript shows a good cause of action, or otherwise. This was done in this cause, and as the transcript discovers no good cause of action, showing no rent due until May 1st 1880, a certiorari was taken.

Mr. Justice MERCUR delivered the opinion of the court, May 3d 1880.

This case came into the Common Pleas by certiorari to the judgment of a magistrate. It was a proceeding by a landlord under the Act of 1830 to recover possession of certain premises by reason of the non-payment of rent by his lessee. The magistrate entered judgment against the lessee for the premises. On certiorari the judgment of the magistrate was reversed by the Common Pleas. To that reversal this writ of error was taken.

Numerous exceptions were filed in the Common Pleas. The court filed no opinion. The record fails to show on what ground the judgment of the magistrate was reversed. We are therefore obliged to search the whole record to discover the ground of reversal.

The complaint of the lessor was made under oath on the 13th August 1779. It averred that he had demised the premises described, for the term of one year to the lessee at a monthly rent of forty-five dollars and eighty-four cents. That the said rent, to wit, $45.84 due on 1st July 1879, was in arrear and unpaid. That there were not sufficient goods and chattels on the premises to pay and satisfy the said rent except such as by law are exempted from levy and sale, and that the said lessee, after having been notified to quit the premises within fifteen days from the date of said notice, at which time the amount of rent due was demanded, had refused to render and deliver up possession of said premises.

The transcript shows due service on the lessee and the appearance of the parties. On the hearing, they both testified and gave other evidence. The $45.84 rent claimed was shown to have been due on the 1st of July 1879, and that the notice referred to in the complaint was served on the lessee on the 22d July 1879. It was also proved by a witness of the lessee that there were not sufficient goods on the premises to satisfy the rent in arrear. The transcript also shows that the plaintiff complained under oath that

[Maxwell *v.* Perkins.]

he demised to the defendant the premises in question for the term of one year, and the day when the term commenced. In addition to these specific facts, the transcript proceeds : " Whereupon, on hearing, our said magistrate finds that the said complaint is in all respects just and true, and enters judgment against the said lessee that the said premises shall be delivered up to the lessor ; and he also ascertains that the amount of rent due by the defendant to the plaintiff is forty-five dollars and eighty-four cents." It is true, in a recital of the complaint, the magistrate declares the rent to be at an annual sum, but the finding shows the sum stated in the complaint to be actually due.

In case of a certiorari to the judgment of a magistrate, the statute requires him to certify the whole proceeding had before him, by sending the original precepts as well as a copy of the judgment and executions, if any. The complaint is therefore made a part of the record. It is true, all the facts are not set forth with commendable regularity or order ; yet all the facts necessary to give jurisdiction appear in some part of the record. The general finding is in the very words of the statute and a full compliance with the law. It is not necessary that all the facts should be set forth in detail in the finding : McKeon *v.* King, 9 Barr 213. As there was no allegation of fraud, and the record shows jurisdiction, no parol evidence could have been considered by the court below. In fact, none such appears to have been before it. The case was there as it must be here, decided on the record : Bedford *v.* Kelly, 11 P. F. Smith 491 ; Wistar *v.* Ollis et al., 27 Id. 291. An examination of the whole record discloses no fatal error in the judgment of the magistrate, therefore,

Judgment of the court below reversed, and the judgment of the magistrate is affirmed at the costs of the defendant.