## Ballou *v.* Mehring, Appellant.

*Landlord and tenant—Justice of the peace—Judgment—Act of December* 14, 1863, *P. L.* (1864) 1125—*Rents—Damages.*

. The record of a judgment of a justice of the peace under the landlord and tenant act of December 14, 1863, must show that the "lessor was quietly and peaceably possessed of the lands or tenements required to be surrendered up, and that he demised the same to the tenant in possession or to some other person under whom such tenant claims, and that the term for which the same were demised is fully ended, and that three months previous notice had been given of his desire to repossess the same." Such facts must be found by the justice and placed in his record, or if the complaint sets forth these facts, the justice must find that the complaint is in all respects true, and must so state of record.

Under the Act of December 14, 1863, P. L. (1864) 1125, a justice of the peace has no power to enter judgment for rent in arrears. He has power only to enter judgment for the damages proved to have been sustained by the landlord by the unjust detention of the premises by the tenant.

Argued April 12, 1905. Appeal, No. 159, April T., 1905, by plaintiffs, from judgment of C. P. No. 2, Allegheny Co., July T., 1904, No. 469, affirming judgment of a justice of the peace in case of E. D. Ballou and A. R. Ballou v. H. G. Mehring. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON aud HENDERSON, JJ. Reserved.

Appeal from judgment of a justice of the peace.
The opinion of the Superior Court states the case.

*Error assigned* was judgment affirming judgment of the justice of the peace.

*W. S. Maxey*, with him *Alex. S. Mabon*, for appellant.— The record was fatally defective : Givens v. Miller, 62 Pa. 133 ; McGinnis v. Vernon, 67 Pa. 149 ; Horner v. Wetherell, 19 W. N. C. 197 ; Davis v. Davis, 115 Pa. 261 ; McGrath v. Donally, 6 Phila. 43 ; Connelly v. Arundel, 6 Phila. 49 ; Bradfield v. Rehm, 6. Phila. 135; Hickey v. Conley, 24 Pa. Superior Ct. 388.

*Clark D. Beggs*, for appellee.—The record of the alderman clearly sets forth all the necessary facts to support his judg-

·ment, and the form adopted by the alderman is of no consequence provided sufficient facts are found. " It is substance not form that is required in proceedings under the act of December 14, 1863 : " Heritage v. Wilfong, 58 Pa. 137.

The record clearly shows that the ruling under Givens v. Miller, 62 Pa. 133, is closely followed in the case at bar: McGinnis v. Vernon, 67 Pa. 149; Wilke v. Campbell, 5 Pa. Superior Ct. 618.

OPINION BY MORRISON, J., May 17, 1905 :

The suit was commenced by a complaint before the alderman, under the provisions of the Act of December 14, 1863, P. L. (1864) 1125, for the possession of certain premises owned by the complainant and alleged to have been leased to the appellants for a definite term.    The alderman heard the parties and entered judgment in the following form : " And now, May 9, 1904, at 4 : 00 P. M. judgment is publicly given in favor of the plaintiff, H. G. Mehring, and against E. D. Ballou and A. R. Ballou, his wife, for possession of the premises aforesaid and damages to the amount of $462, as rent, and costs of suit."

The alderman's record was brought into the court of common pleas No. 2 of Allegheny county on certiorari, and on exceptions filed and argument, the learned court, without an opinion, dismissed the exceptions and affirmed the judgment of the alderman.    Thereupon the defendants appealed to this court and assigned for error: " The court erred in making the following decree and now, September 13, 1904, exceptions dismissed, judgment of magistrate affirmed.    Per Curiam."

A careful inspection of the magistrate's record convinces us of the impossibility of sustaining his judgment and, therefore, it follows that the learned court below erred in affirming it. The act of 1863, supra, requires that the magistrate's judgment should rest upon the following facts, which must be found by him and placed in his record, or else the said facts must be set forth in the complaint and the same must be found to be in all respects true by the magistrate, to wit : " That the said lessor was quietly and peaceably possessed of the lands or tenements required to be surrendered up, and that he demised the same to the tenant in possession, or to some other person

under whom such tenant claims, and that the term for which the same were demised is fully ended, and that three months' previous notice had been given of his desire to repossess the same, then; and in that case, if it shall appear right and proper to the said justice, he shall enter judgment against the said tenant, that he forthwith give up possession of the said premises to the said lessor and the said justice shall also give judgment, in favor of the lessor and against the lessee, or tenant for such damages, as in his opinion, the said lessor may have sustained, and for all the costs of the proceedings."

A careful inspection of the alderman's record shows that he failed to find any of the requisite facts as a basis for his judgment and he also failed to find the truth of a single averment contained in the complaint. In Givens v. Miller et al., 62 Pa. 133, Chief Justice THOMPSON said (p. 135) : " This is an inquest of facts which, if found true by the justice, must appear to have been so found by him in the record of his judgment, or by reference to the complaint, if fully set forth therein, as true. They are the essential supports of his judgment, and must appear to have been established in order to sustain a judgment for the plaintiff. Here the justice neither sets out this inquest in his judgment nor does he say the facts in the complaint are true ; so that his record is fatally defective."

In the present case the record is just as fatally defective as the one to which the chief justice applied the above language. If we assume the complaint to be sufficient in form, it does not help the case, because the alderman failed to find of record that the complaint is true and there is nothing else in his record to sustain his judgment. It is true he sets forth some of the evidence offered to sustain the complaint, but he fails to say that the evidence is true or that it proves anything to his satisfaction.

In Davis v. Davis, 115 Pa. 261, Mr. Justice STERRETT said (p. 264) : " As was well said in Graver v. Fehr, 89 Pa. 460, the summary remedy given by the landlord and tenant act of 1863 and its supplements, though convenient and necessary in proper cases, is in derogation of the common law, and hence the necessary jurisdiction must appear affirmatively on the face of the record, or the proceeding is coram non judice and utterly void."

In Hickey v. Conley, 24 Pa. Superior Ct. 388, our Brother SMITH in an able opinion considered the requisites of a justice's record in a landlord and tenant case, under the Act of April 3, 1830, P. L. 187, and much there said and many of the authorities cited pointedly apply to the questions raised in the present case.

Enough has already been said to sustain the assignment of error and reverse the judgment.    But the form of the judgment of the alderman is criticised in the argument and it deserves attention.    The judgment does not follow the direction of the act of assembly.    It is perhaps sufficient in substance, except that portion of it giving damages to the lessor.    It reads " and damages to the amount of $462, as rent, and costs of suit." The act of 1863 confers no authority on the justice to enter judgment for rent.    The act confers special jurisdiction on the justice to grant judgment for such damages as, in his opinion, the lessor may have sustained.    This means damages for the unjust detention of the premises, after the tenant should have surrendered the same to the landlord.

In Bedford v. Kelly, 61 Pa. 491 : the alderman entered judgment for the damages occasioned by the unjust detention of the said premises, and the Supreme Court affirmed this judgment.

In Smith v. Carter, 17 Philadelphia, 344, THAYER, P. J., held that the damages awarded by a justice in proceedings for possession under the act of 1863 is not for rent, but for indemnity for a tortious withholding of possession.    To the same effect is Dickensheets v. Hotchkiss, 6 Phila. 156, by ALLISON, P. J., and the same judge so held in McGregor v. Haines, 6 Phila. 62. In Schulte v. McCormick, 6 Phila. 313, BREWSTER, J., held to the same effect.    In Glenn v. Thompson, 75 Pa. 389, the justice gave judgment for damages occasioned by the unjust detention of said premises, and this judgment was affirmed by the court of common pleas and that court was in turn affirmed by the Supreme Court.    Opinion by SHARSWOOD, J.    In Wilmington Steamship Co. v. Haas, 151 Pa. 113, a proceeding under the act of March 21, 1772, 1 Sm. L. 370 by landlord to obtain possession of demised premises, the magistrates awarded damages for the unjust detention of said premises besides costs of suit.    The court below reversed the judgment, but the Supreme Court, opinion by Mr. Justice STERRETT, reversed that

court and affirmed the judgment of the magistrates holding that it was in due form.

We, therefore, hold that the alderman in the present case had no power to enter judgment for the rent in arrear. He only had power to enter judgment for the damages proved to have been sustained by the landlord by the unjust detention of the premises by the tenants.

The assignment of error is sustained and the judgment of the court below is reversed, with directions to said court to reverse the judgment of the alderman and dismiss the proceedings before him at the costs of the plaintiff, H. G. Mehring.