## Mikulski *v.* Ziolkowski et ux., Appellant.

*Landlord and tenant—Justice of the peace—Act of December 14, 1863, P. L. (1864) 1125.*

The record of a justice of the peace under the Landlord and Tenant Act of December 14, 1863, P. L. 1125, must show that the lessor was quietly and peaceably possessed of the land and tene-

ments; that he demised the same to the tenant for a definite term; that a rent certain was reserved; that the term had expired and that the tenant had notice to quit. Such facts must be found by the justice of the peace and placed on his record, and in the absence thereof the record is insufficient to sustain a judgment in favor of the plaintiff.

The statutes which confer the jurisdiction upon the magistrate make that jurisdiction to depend upon the existence of the designated facts, and it is not sufficient that the complaint aver the facts and that testimony be produced tending to establish the facts. The justice must find the specific facts upon which his jurisdiction depends, or that the averments of the complaint are true, and that he has so found them must appear from his record.

Argued March 5, 1919. Appeal, No. 42, March T., 1919, by defendants, from judgment of C. P. Lackawanna Co., November T., 1918, No. 88, sustaining judgment of Justice of the Peace in the case of Anthony Mikulski v. Joseph Ziolkowski and Mary Ziolkowski. Before OR-LADY, P. J., PORTER, TREXLER, WILLIAMS and KELLER, JJ. Reversed.

Certiorari to justice of the peace. Before EDWARDS, P. J.

The opinion of the Superior Court states the case.

The court dismissed the exceptions and affirmed the proceedings before the justice of the peace.

*Error assigned* was the order of the court.

*Harold A. Scragg,* of *Scragg & Scragg,* for appellants. —The record was fatally defective: Steigelman v. Klugh, 9 Lanc. L. Rev. 321; Xander v. Weiss, 28 Pa. Co. St. 80; Xander v. Weiss, 12 Pa. Dist. R. 724; Rowan v. Gates, 9 Pa. Dist. R. 564.

*Harry Needle,* and with him *B. F. Tinkham,* for appellee.

OPINION BY PORTER, J., October 13, 1919:

The plaintiff commenced this proceeding by a complaint before an alderman, under the provisions of the Act of December 14, 1863, P. L. (1864), 1125 and its supplements, including the Act of March 31, 1905, P. L. 87, to recover possession of certain premises owned by complainant and alleged to have been leased to the appellants for a definite term, which had expired. The alderman heard the parties and entered judgment in the following form: "After hearing sworn proofs and allegations, defendant being in default, Alderman Jacob Smith doth now publicly enter judgment in favor of the plaintiff and against the defendants that they shall forthwith deliver actual possession of the premises to the plaintiff and also enter judgment in favor of the plaintiff and against defendants in the sum of fifteen dollars and costs of suit. Therefore, it is considered and adjudged by the said Alderman Jacob Smith that he, the said Anthony Mikulski, plaintiff, shall and do recover and have from Joseph Ziolkowski and Mary Ziolkowski actual possession of the aforesaid premises, together with the sum of fifteen dollars and costs of this proceeding." The alderman's record was brought into the court of common pleas upon certiorari. The defendants filed a number of exceptions to the record of the alderman, which taken together distinctly raise the controlling question. Does it appear from the record that the alderman found the essential facts upon which the statutes make his jurisdiction to enter a judgment in favor of the plaintiff to depend? The court below after argument overruled the exceptions and affirmed the judgment of the alderman, from which action we have this appeal.

The complaint seems to have contained all the averments necessary to authorize the magistrate to enter upon the inquiry. The evidence may have been sufficient to warrant the magistrate in finding that the averments of the complaint were true. More than this, however, is required in order to sustain the judgment. This is an in-

quest of facts which, if found true by the justice, must
appear to have been so found by him in the record of his
judgment, or by reference to the complaint, if fully set
forth therein, as true.    The statutes which confer the
jurisdiction upon the magistrate make that jurisdiction
to depend upon the existence of the designated facts, and
it is not sufficient that the complaint aver the facts and
that testimony be produced tending to establish the facts.
The justice must find the specific facts upon which his
jurisdiction depends, or that the averments of the com-
plaint are true, and that he has so found them must ap-
pear from his record: Givens v. Miller, 62 Pa. 133; Davis
v. Davis, 115 Pa. 261; Hickey v. Conley, 24 Pa. Superior
Ct. 388; Ballou v. Mehring, 28 Pa. Superior Ct. 156.    The
alderman in the present case did not attempt to make any
findings of fact.    The sum total of his findings appears in
his entry of judgment above quoted.    He did not find that
the lessor was peaceably and quietly possessed of the
lands or tenements, nor that he demised the same to a
tenant for a definite term, nor that a rent certain was re-
served, nor that the term had expired, nor that the tenant
had had notice to quit.    The record was insufficient to
sustain the judgment in favor of the plaintiff.

The judgment of the Court of Common Pleas of Lacka-
wanna County is reversed, and the proceedings of the
alderman are directed to be reversed by that court, at the
costs of the appellee.