Roming *v.* Shivers, Appellant.

Argued October 30, 1944.   Before KELLER, P. J.,
BALDRIGE, RHODES, HIRT, RENO and JAMES, JJ.

*Roy Pressman,* for appellant.

*Edwin A. J. Blank,* for appellee.

OPINION BY JAMES, J., November 21, 1944:

Appellee instituted this landlord and tenant proceeding before a magistrate to regain possession of real estate under the Act of March 31, 1905, P. L. 87, 68 PS 366-367, supplementing the Act of December 14, 1863, P. L. (1864) 1125, 68 PS 364. The judgment of the magistrate for the appellee was sustained by the Municipal Court of Philadelphia reviewing the record on certiorari, and this appeal followed.

The Act of December 14, 1863, P. L. (1864) 1125 permits the tenant either an appeal to the court of common pleas or a review of the record by certiorari. By obtaining certiorari, appellant waived all objections to the sufficiency of the evidence, and only irregularities appearing on the face of the record may be excepted to. Certiorari brings up for review nothing but the record. *Lynch v. Hickey,* 152 Pa. Superior Ct. 129, 131, 31 A. (2d) 449; *Bedford v. Kelly,* 61 Pa. 491, 494; *Ristau v. Crew Levick Co.,* 109 Pa. Superior Ct. 357, 362, 167 A. 800. Neither this nor the lower court could properly consider the lease now offered by appellant which is dehors the record. *Wilmington S. S. Co. v. Haas,* 151 Pa. 113, 116, 25 A. 85.

The record consists of the summons and complaint, and the docket entries. The summons reads thus:

"Whereas complaint upon oath has been made before Ferd G. Zweig, a magistrate of said county, by Karl Roming that on the 15th day of January, 1943, he demised the premises situated 3432 Cottman St., to DeNard Shivers, for the term of one month at a monthly rental of $40.00, that the said term is fully ended, notice to quit having been given by the Landlord on the

(did give sufficient notice)

...... day of ......, 19...., of the Landlord's desire to repossess himself of the same at a thirty days' notice, and that the said DeNard Shivers has, after being notified, refused to surrender and deliver up possession of said premises 3432 Cottman St. ......" The summons fails to state the date when notice was given or that it was written. However, the docket entry of the hearing on June 20 is more specific. "Plaintiff was present at the hearing. Defendant was not present. Plaintiff sworn and testified that on the 15th day of January A. D. 1943, he demised the premises 3432 Cottman Street to DeNard Shivers for the term of one month, at a monthly rental of forty dollars ($40.00); that the said term is fully ended, written notice to quit having been given by the landlord on the 26th day of February A. D. 1944 of the landlord's desire to repossess himself of the same by the 15th day of April A. D. 1944, and that the said DeNard Shivers has, after being notified, refused to surrender and deliver up possession of 3432 Cottman Street. After hearing proof and allegations judgment publicly rendered for the plaintiff and against the defendant for possession by default". Jurisdictional averments or findings, though omitted in the complaint, are adequate if found in the docket. *Ristau v. Crew Levick Co.*, supra, at page 363. See *Anderson v. McHenry*, 90 Pa. Superior Ct. 583, 587; *Maxwell v. Perkins*, 93 Pa. 255. Actually, the Act of March 31, 1905, P. L. 87, §2 provides that "In all cases of procedure to obtain possession before a magi-

strate, alderman or justice of the peace, in pursuance of existing laws, the proof that such notice was duly served, as aforesaid, shall be deemed and taken sufficient, where the term is for less than one year, or for time indeterminate; and the magistrate, alderman or justice of the peace shall have jurisdiction to hear and determine the cause accordingly", apparently validating the use of such a legal conclusion as "sufficient notice", without an exposition of the facts, in averring the basis of the magistrate's jurisdiction.

Nor is the absence of any statement in the record that the appellee is the landlord fatal. The appellee testified that he was the lessor. The Act of March 31, 1905, supra, distinguishes between the "immediate landlord or owner", the former apparently being the lessor. Similarly, the parent Act of 1863 speaks of the lessor as the party entitled to evict so that *Glenn v. Thompson,* 75 Pa. 389, held that the lessor who had sold the premises could give to the tenant notice to quit in a proceeding by the vendee to gain possession. See also *Snyder v. Carfrey,* 54 Pa. 90. Undoubtedly, appellee in his capacity as lessor was the same person as the landlord who gave notice.

The most serious question raised is the failure of the magistrate to set forth findings of fact. However, the magistrate presents the testimony of the appellee, sufficient in every respect to justify judgment in his favor, uncontradicted by the appellant. It is clear that when the record narrates "after hearing proof and allegations judgment publicly entered for the plaintiff" that the proof refers to the testimony given, which was accepted as true, and as the facts in the case. In effect, the testimony is adopted in toto as the necessary findings. None of the jurisdictional facts are missing as in *Davis v. Davis,* 115 Pa. 261, 7 A. 746; *Hickey v. Conley,* 24 Pa. Superior Ct. 388; *Anderson v. McHenry,* supra, and *McDermott v. McIlwain,* 75 Pa. 341. Nor is

the judgment based solely on the complaint without any record of the substance of the testimony offered as in *Hickey v. Conley,* supra, or in *Givens v. Miller,* 62 Pa. 133.

Where the record discloses uncontradicted testimony establishing the necessary jurisdiction (no conflicting evidence presented by the defendant), and where judgment is explicity rendered after hearing proof and allegations for the plaintiff and against the defendant for possession by default, every presumption will be made in favor of the regularity of the proceedings and strict formality will not be insisted upon. *Ristau v. Crew Levick Co.,* supra, at page 361. The failure of the magistrate to specifically state that he found the jurisdictional facts, when the substance of the record shows that the testimony was adopted by him, will not invalidate the judgment.

"Proceedings under such statutes, though summary, are not to be criticized with the extreme strictness that is applied to summary convictions under penal statutes, for the relation of landlord and tenant rests in contract, and involves mere rights of property; and the remedies are purely civil, and not in the slightest degree penal. Very few aldermen and justices of the peace can make up records upon penal statutes which can withstand the criticisms of a certiorari, but in committing the rights of landlords and tenants to the unaided judgment of such a magistracy, the legislature meant that superior courts should exact no unattainable precision of procedure, but only such substantial compliance with the letter and spirit of the statute as would generally be within the competence of the magistrates". *Snyder v. Carfrey,* supra, at 93; *Buchanan v. Baxter,* 67 Pa. 348; *Ristau v. Crew Levick Co.,* supra, at 361.

The transcript of the magistrate contains every essential necessary to sustain the judgment. The assignment of error is overruled and the order is affirmed.