# Hamilton C. Horner, Plff. in Err., *v.* Lucy L. Wetherell.

The jurisdiction under the landlord and tenant act of December 14, 1863, is special, and the record of the justice must contain every essential to support his judgment.

Where the record of the justice shows that the summons was returnable three days after it issued; that the jury of freeholders assembled but was discharged before hearing; and that the justice himself proceeded to hear the case without a jury or new process, and omits to describe the term, and the judgment does not find the facts,—the judgment will be reversed on certiorari, and the proceedings dismissed and set aside.

(Argued February 2, 1887.   Decided February 28, 1887.)

January Term, 1887, No. 212, E. D., before MERCUR, Ch. J., GORDON, PAXSON, STERRETT, GREEN, and CLARK, JJ.   Error to the Common Pleas of Fayette County to review a judgment affirming, on certiorari, the judgment of a justice of the peace in favor of plaintiff.   Reversed.

This was a landlord and tenant case, begun by a landlord avowedly under § 12 of the act of March 21, 1772, carried on by a landlord and a justice of the peace, under the acts of June 16, 1836, §§ 105–107, *et seq.;* May 24, 1878 (P. L. 134, Purdon's Digest, 768, pl. 143, *et seq.*), providing proceedings for a purchaser at sheriff's sale to obtain possession of lands bought under execution, and consummated by the justice under the act of assembly of December 14, 1863 (P. L. 1125), Purdon's Digest, 1018, pl. 20), which regulates the mode in which a landlord may proceed before a single justice, without a jury, to recover possession at the expiration of the tenant's term.

The complaint of Lucy L. Wetherell, presented August 27, 1886, set forth in substance that she was the owner of a certain house, with the appurtenances, situated on Pittsburgh street in the borough of Connellsville, and was in peaceable possession thereof, when she demised the said premises to H. C. Horner for

Cited in Horner v. Marietta, 135 Pa. 418, 420, 19 Atl. 1029.

NOTE.—Subsequently an action of ejectment was instituted between these parties for the property in question.   Horner v. Marietta, 135 Pa. 418, 19 Atl. 1029.

the term of one year, at the rent of $96; that the term was fully ended; that the complainant was desirous to repossess the premises and on January 1, 1886, notified the said Horner to leave the same; that he refused to comply and that three months had elapsed since the service of the notice. The complaint prayed that such proceedings might be taken as were directed by the act of assembly, in such cases made and provided.

Thereupon, the justice, Richard Campbell, Esq., issued a summons which recited the complaint and concluded as follows:

"Therefore we command you that you summon six substantial freeholders of your bailiwick, so that they be and appear before our said justice, at his office, on the 31st day of August, A. D. 1886, at 2 o'clock in the afternoon of that day, and that you also summon the said H. C. Horner, so that he may be and appear before our said justice and the other said freeholders at the day and place last aforesaid, to show cause, if any he has, why restitution of the possession of the said demised premises should not be forthwith made to the said Lucy L. Wetherell, according to the form and effect of the act of the general assembly, in such cases made and provided; and this you shall in nowise omit, and have you then and there this writ.

Witness the said R. Campbell, at Connellsville aforesaid, the 28th day of August, A. D. 1886."

The docket entries of the justice recited the complaint and continued as follows:

"Same day summons issued to sheriff to appear the 31st day of August, at 2 o'clock P. M., August 31, parties appeared, and now upon motion of plaintiff's counsel, the jury summoned by the sheriff is discharged, with costs for their attendance and sheriff's costs for same placed upon the plaintiff. The plaintiff pays the costs of their attendance and sheriff's costs for summoning them; and as it appears by the provisions of the act of 1863, relating to landlord and tenant, that a jury is not required, and the jury is therefore discharged, the plaintiff directed to pay the costs of their attendance; and after hearing the proofs and allegations of the parties it appears in the evidence that the defendant, H. C. Horner, is a tenant and lessee under plaintiff, and was duly and properly notified by written notice dated the 31st day of December, 1885, being three months before expirations of lease, to vacate, relinquish, give up, and vacate, surrender possession of the premises to the plaintiff as————on the

rent on the first day of April, 1886; and it further appearing
that said defendant still continues to occupy said tenement and
premises against the will and without the consent of the plaintiff
after expiration of lease, judgment is reserved until September
2, 1886. And now, September 2, 1886, judgment is publicly
entered in favor of plaintiff and against the defendant in the
following manner, to wit: that the said H. C. Horner, the de-
fendant, shall forthwith give up and surrender possession of
the premises described in the writ, to the plaintiff and lessor
without hindrance or delay; that judgment is also entered
against defendant in the sum of $8, for detention and occu-
pancy, as damages done to plaintiff, and judgment also against
the defendant for costs of this proceedings. Judgment is en-
tered accordingly this second day of September, 1885. Now, to
wit: Writ of possession to P. C. Brooks, constable, to execute
forthwith, same day returned peaceable possession of premises
to plaintiff. Defendant claims benefit of exemption."

The defendant thereupon took a writ of certiorari and filed
the following exceptions:

"1. The writ does not state where the defendant is to appear.

"2. The writ shows the organization of a freeholders' court
with six jurors; but the finding shows no action by the jurors.

"3. The sheriff's return on the writ shows that he summoned
six jurors; yet the said jurors have made no finding.

"4. The justice had no authority to dismiss the jury of free-
holders summoned and present, and to proceed to hear the case.

"5. The writ is attested August 28, 1886, returnable August
31, 1886, giving three days' notice, which is sufficient under the
act of 1772, but under no other act of assembly.

"6. No service of any writ or notice under the act of 1863
appears in the record.

"7. The justice does not find the allegations of the complaint
to be true, nor does he find such facts as support the complaint.

"8. The record nowhere shows what was the year of the ten-
ancy; it is therefore impossible to decide that notice was given
before the end of the term."

In his deposition, Hamilton C. Horner testified: "There was
a paper served on me by the sheriff to appear before Justice
CAMPBELL. Attorney for defendant in error objects to witness's
testimony, on the grounds that the record itself shows an appear-
ance. It was a paper to meet a jury of six men at 'Squire CAMP-

BELL's in Connellsville. There was more than one served on me. The first one contained an error of date. I called the sheriff's attention to it and then he rewrote the paper and served it the second time with the date corrected. There was no service on me for anything but the jury proceedings. I appeared then to have the matters between myself and Mrs. Wetherell adjusted by that jury. When we appeared at the office, the justice announced that he would change the manner of proceedings and would try the case, if I remember correctly, under the act of 1863, and that the jury would be discharged at the proper cost of the plaintiff. I went out. The objection that was made, by either me or my attorney, was that we had not been subpœnaed there for a trial of that kind, and that we did not consider we had any business there. I did not remain for the taking of any testimony or for the hearing of the case."

The court of common pleas dismissed the exceptions and affirmed the judgment; and this was assigned as error.

*Edward Campbell,* for plaintiff in error.—Unless process be served before the return day, proceedings before a justice of the peace are *coram non judice.* Fisher v. Longnecker, 8 Pa. 410.

If a service was necessary under the act of 1863, to give the justice jurisdiction of the case, then he had no jurisdiction, because no service is pretended and nothing equivalent to a service appears anywhere in the case.

That want of jurisdiction can be shown by parol is a matter of every day practice, essential to the due administration of justice, to prevent frauds and maintain a subordinate tribunal within its proper sphere of action, and supported by authority. Camp v. Wood, 10 Watts, 123; Burginhofen v. Martin, 3 Yeates, 479; Ohio & P. R. Co. v. Brittian, 1 Pittsb. 271.

Justices of the peace, in landlord and tenant cases, have great and extensive powers. The act giving them jurisdiction evidently intending to give the landlord *festinum remedium,* the rule is that a certiorari is no *supersedeas.* But such proceedings will always be examined narrowly; and to effectuate this purpose affidavits are admissible. Stewart v. Martin, 1 Yeates, 49; Sharpe v. Thatcher, 2 Dall. 77, 1 L. ed. 296, and Vansciver v. Bolton, 2 Dall. 115, 1 L. ed. 312; Buckmyer v. Dubs, 5 Binn. 28.

So where the want of jurisdiction can be established in no

other way, as, where one justice undertakes to re-examine what has already been determined by another, parol evidence can be produced. Dumber v. Jones, 1 Ashm. (Pa.) 215.

Givens v. Miller, 62 Pa. 133, was a case of proceedings, under the act of December 14, 1863, to recover certain leased premises in possession of the defendant. They were begun by the justice, by an ordinary summons in debt not exceeding $100, without reference to any complaint whatever made to recover leased premises, and ended in a judgment for plaintiffs for $20 and the immediate possession of the property. The defendant, although he came to the office at the time for hearing, would not remain to make any defense or hear the testimony. The judgment was reversed.

The jurisdiction under the landlord and tenant act is special, and the record of the magistrate must contain every essential to support his judgment. Skilton v. Mason, 23 Phila. Leg. Int. 126; Bradfield v. Rehm, 6 Phila. 135; McGinnis v. Vernon, 67 Pa. 149; Graver v. Fehr, 3 Sad. Rep. 203.

Courts will always notice substantial and fatal errors in the proceedings, although counsel have omitted to make it a special exception. Meese v. Levis, 13 Pa. 386; Com. v. Cane, 2 Pars. Sel. Eq. Cas. 265; Paine v. Godshall, 29 Phila. Leg. Int. 12; McCullough's Appeal, 12 Pa. 197.

Under the act of 1863 (Purdon's Digest, 1018, pl. 20), the defendant is entitled to the same notice as in other civil actions, which would be "not more than eight nor less than five days after the date of the summons."

Act of March 20, 1810, §§ 2–5; Smith's Laws, 162; Purdon's Digest, 981, pl. 43.

*A. D. Boyd,* for defendant in error.—The act of December 14, 1863, was designed to give landlords a more convenient remedy to dispossess tenants than they had under the act of 1772. As that was more expeditious and convenient than the common-law remedies of landlords, the same liberal interpretation and administration are due to the latter statute that have always been etxended to the former. Snyder v. Carfrey, 54 Pa. 90.

Proceedings under such statutes, although summary, are not to be criticised with the extreme strictness that is applied to summary convictions under penal statutes, for the relation of landlord and tenant rests in contract, and involves mere rights of

property; and the remedies are purely civil, and not in the slightest degree penal.

It is not necessary for the record to disclose the statute under which the proceeding is had. Sterling v. Richardson, 24 Phila. Leg. Int. 140.

The alderman's judgment in a landlord and tenant case need not recite the date of the lease, the expiration of the term, or the date of the notice. Kraft v. Wolf, 6 Phila. 310.

OPINION BY MR. JUSTICE GREEN:

It is not possible to sustain the proceedings in this case. As nearly as can be determined upon reading the record of the justice, it is a proceeding by a landlord, to eject a tenant for holding over after the expiration of his term. But the writ was issued on August 28, 1886, returnable on August 31, only three days later; and as this would not have been in time except under the act of 1772, which regulates the proceedings before two justices and a jury of twelve freeholders, or the act of 1836, which gives a remedy to purchasers at sheriff's sales, and this proceeding cannot be under either of those acts, the three days' return is a fatal defect.

Admittedly, the proceeding was under the act of 1863, which requires a return day the same as in other civil actions, which would not be more than eight nor less than five days after the date of the summons.

Then the record shows that when the six freeholders assembled they were discharged, and the justice proceeded to hear and dispose of the case, without any action by the freeholders and without any new process to bring in the defendant for a hearing without a jury. The record entirely omits to describe the term during which the tenant was entitled to hold the premises; and therefore it is impossible for us to say that it was ended so as to confer any jurisdiction upon the justice to hear the cause at all. In rendering the judgment there is an entire failure to find the facts upon which alone under the statute the judgment of eviction can be entered. There is a mere recital that it appears in the evidence that the defendant was a tenant under the plaintiff, without stating for what term, and had been notified to quit three months before the expiration of the lease without stating when it expired, and that he still occupied the premises. Of course, this is entirely inadequate.

. In the case of Givens v. Miller, 62 Pa. 133, where the record was much like the present one, only rather more specific, Thompson, C. J., said, speaking of the findings required by the act: "This is an inquest of facts, which, if found true by the justice, must appear to have been so found by him in the record of his judgment, or by reference to the complaint, if fully set forth therein, as true. They are the essential supports of his judgment and must appear to have been established in order to sustain a judgment for the plaintiff. Here the justice neither sets out this inquest in his judgment nor does he say the facts in the complaint are true; so that his record is fatally defective. . . . The jurisdiction under the landlord and tenant act is special, and the record of the magistrate must contain every essential to support his judgment. Nothing can be taken by intendment in such a proceeding which ought to appear." These considerations dispose of this case.

The judgment of the Court below is reversed, and the proceedings are dismissed and set aside.

