## Keefer v. Brookey

*John P. Sipes*, for plaintiff.
*John R. Jackson*, for defendant.

SHEELY, P. J., July 19, 1941.—This is a proceeding for possession under the Landlord and Tenant Act of December 14, 1863, P. L. (1864) 1125, as supplemented by the Act of March 31, 1905, P. L. 87, 68 PS §§364 and 366. The justice of the peace entered judgment for plaintiff and defendant secured this writ of certiorari. He has filed four exceptions to the record returned by the justice of the peace: (1) There is no finding of a contract which created the relation of landlord and tenant; (2) there is no finding of any terms of a lease; (3) the record contains no specific findings of fact; (4) if any contract is found it is a tenancy at will which would have required three months' notice.

The summary remedy given by the Landlord and Tenant Act of 1863 and its supplements is in derogation of the common law, and the record of the magistrate must show the necessary jurisdictional facts and

contain every essential to support the judgment: Givens v. Miller et al., 62 Pa. 133; Graver v. Fehr, 89 Pa. 460; Davis v. Davis, 115 Pa. 261, 264. In such cases the justice must find the specific facts upon which his jurisdiction depends, or that the averments of the complaint (if the complaint contains all the averments necessary) are true, and that he has so found them must appear from his record: Mikulski v. Ziolkowski et ux., 73 Pa. Superior Ct. 72, 75 (1919).

In the present case the justice's record, after summarizing the testimony, contains the statement: "From the evidence it would appear that Joseph Miller, former owner, was in peaceable possession of the premises; that by verbal or oral agreement with Keefer, Keefer was allowed to occupy the premises for an indeterminate time on condition that Keefer remit the interest on the mortgage Keefer held against the property and given to him by Miller. Mr. Keefer refused to remit the interest and receipt therefor to Miller, but demanded the payment of the interest on the mortgage. On January 13, 1941, Joseph Miller paid Silas E. Keefer, defendant, $107.19 interest in full to February 7, 1941. If Silas E. Keefer, defendant, broke the agreement and it seems that he did, then his right to possession of the premises ended. After Joseph Miller sold the property to the plaintiff, Mrs. Sue G. Brookey, and she demanded that Silas E. Keefer, defendant, pay rent at rate of $15 per month from January 13, 1941, which Keefer refused to pay or offer to pay any part thereof or vacate and deliver up possession, Mrs. Brookey, plaintiff, gave Silas E. Keefer, defendant, the 30-day notice to quit and deliver up possession which was served on the defendant, Silas E. Keefer by Mrs. Sue G. Brookey, plaintiff, February 26, 1941, as of March 31, 1941, as provided in the Act of 1905. Therefore, I find the Landlord's complaint true and correct. . . ."

It is objected that the language, "From the evidence it would appear that Joseph Miller", etc., is not a suffi-

cient finding of fact. With this contention we cannot agree. While it would have been better for the justice of the peace to have said specifically, "I find the following facts", that is, in effect, what he did. The record contains a summary of the evidence and then the statement that from the evidence it would appear that certain facts existed, as a result of which the justice found that the landlord's complaint was true and correct and gave judgment for plaintiff. The situation thus disclosed is different from Horner v. Wetherell, 5 Sadler 247 (1887), where the record contained no summary of the testimony but contained merely the statement: "It appears in the evidence" and then failed to state several necessary facts. The justice of the peace in this case did find specifically that there was an oral agreement with Keefer whereby he was allowed to occupy the premises for an indeterminate time, which is sufficient to authorize a proceeding under the Act of 1905. The supplement of March 31, 1905, P. L. 87, to the Act of 1863 ". . . enlarged the classes of tenancy to which the procedure of the Act of 1863 is applicable, by including occupation 'either by license or lease, whether oral or written, for any time less than one year or by the month for an indeterminate time,' and reduced the three months' period of notice to thirty days": Anderson v. McHenry, 90 Pa. Superior Ct. 583, 587 (1927). The Act of February 20, 1867, P. L. 30, authorizes proceedings by an owner who acquired title by descent or purchase from the original lessor.

All the authorities relied upon by defendant are cases decided under the Acts of December 14, 1863, P. L. (1864) 1125, or March 6, 1872, P. L. 22. As shown above, the Act of 1905 greatly broadened the scope of cases which could be brought under the landlord and tenant laws. The distinction between the present case and the cases cited by defendant is that the present case could not have been brought under either the Act of 1872 or the Act of 1863: Davis v. Davis, 115 Pa. 261 (1887).

The facts of the case, as found by the justice of the peace, appear to be somewhat similar to Maxwell et al. v. Castiello et ux., 130 Pa. Superior Ct. 390 (1938), in which defendant continued to occupy certain premises after he had conveyed them to a trust company, and also after the premises were sold at sheriff's sale and subsequently conveyed to plaintiffs. During this time no demand was made on defendants for the payment of rent, nor was there any oral or written lease or other agreement between the parties until plaintiffs notified defendants of their ownership of the property and informed them that they would be required to pay rental of $40 per month for the use of the apartment. No rent being paid, notice was served upon defendants requiring delivery of possession of the apartment within 30 days as required by the Act of March 31, 1905, P. L. 87. The court held that the continued occupancy of the apartment by defendants was by leave or license on the part of the trust company and, plaintiffs having subsequently recognized defendants' right as tenant to occupy the apartment, proceedings under the Acts of 1863 and 1905 were the proper method for them to pursue for the recovery of possession.

We conclude that the record of the justice of the peace is sufficient to sustain the judgment entered by him, and it follows that the exceptions to the record must be dismissed. As we have nothing before us but the question of the sufficiency of the record we have not considered the merits of the defense. That could be done only on appeal.

And now, July 19, 1941, the exceptions to the record of W. H. Greathead, justice of the peace, are dismissed, and the judgment of the justice of the peace is sustained at the cost of Silas E. Keefer, defendant.