## Strauser *versus* Kosier.

1. By the Act of 1705 (Stray Swine), in certain cases and by a defined process, owners of swine may lose and others may acquire the ownership. It is incumbent upon one who claims that he has acquired the property, to show that the statutory forms of proceeding have been strictly pursued.

2. A magistrate has no authority to adjudge a forfeiture, unless *everything* required by the Act of Assembly to give him authority *appears*.

3. To justify a forfeiture of a hog, the justice's record must show, that the person taking it and giving information was "legally attested by the justice that the hog was taken up running at large without yoke or bow and ring."

May 12th 1868.   Before THOMPSON, C. J., STRONG, AGNEW and SHARSWOOD, JJ.   READ, J., absent.

Error to the Court of Common Pleas of *Perry county*.

This was an action of replevin in which John Kosier was plaintiff and Solomon Strauser defendant.

A hog, the property of the plaintiff, was found trespassing upon the premises of the defendant and by him taken and penned up; after which proceedings under the Act of 1705 were had before a justice of the peace, as follows:—

"Solomon Strauser ⎫   Be it remembered that on this 15th
　　　　*v.*　　　⎬   day of October, A. D. 1866, personally
　　One Hog.　　⎭   came before me Solomon Strauser,
yeoman, of Juniata township, and made information that on the 11th or 12th instant, he found upon his premises or lands in the township of Juniata, Perry county, and state of Pennsylvania (suffered to run at large), one large white hog, being a barrow, without a ring in its nose, or a yoke upon its neck, and it being so found (running at large) he did then and there take and pen up said hog agreeably to the provisions of the Act of 1705.   Whereupon I, the said justice, did appoint John M. Swartz and David Miller, two indifferent persons of the neighborhood, to make a just and reasonable appraisement of said hog, and did issue my warrant to them for the purpose aforesaid.   Whereupon the said John M. Swartz and David Miller have this day made this return, that they have viewed the hog, and find him to be a large white barrow, with dark spots upon his skin, near the front shoulders, and that

[Strauser v. Kosier.]

the worth of the hog is fifteen dollars.   D. Miller sworn to impartial appraisement.   Whereupon I, the said justice, do adjudge the said owner of the said hog to have forfeited the half value of said hog, to wit: seven dollars and fifty cents, and the costs.   Plaintiff pays to justice seven dollars and fifty cents, it being half the appraised value of the said hog: and publication made of the proceedings, &c.

"And now, to wit, 21st March 1867, on application of plaintiff by his attorney, record amended by interlining 'suffered to run at large' and 'running at large' so as to correspond with the facts.                         F. B. CLOUSER, J. P."

The plaintiff sued for the recovery of the hog, and the defendant pleaded "*non cepit*" and "property in defendant."

The court (Graham, P. J.) charged, "The justice's record, as originally made, does not state that the hog was suffered to run at large.   This is a fatal defect and renders the proceeding before the justice entirely void.   If this is not stated on the justice's record, he has no jurisdiction, as is decided in Commonwealth v. Fourteen Hogs, 10 S. & R. 394–5." * * * "This mode of perfecting void records and attempting to validate titles to personal property after suit had been brought for the wrong committed, the law will not permit.   It appearing upon the face of the record when made, and for five months afterwards, that the justice had no jurisdiction of the case, his proceedings were absolutely void, and vested no title to the hog in the present defendant, and you will find for the plaintiff the value of the hog, and damages may be given for the taking and detention."

The verdict was rendered, September 23d 1867, for the plaintiff for $15—the value of the hog—and six cents damages.

The defendant took a writ of error, and assigned for error the charge of the court.

C. A. *Barnett*, for plaintiff in error.—Commonwealth v. Fourteen Hogs, 10 S. & R. 394; 1 Kent's Com. 478; Hazelett v. Ford, 10 Watts 101; Clark v. McComman, 7 W. & S. 470; Hauer's Appeal, 5 Id. 475; Baird v. Campbell, 4 Id. 191; Tarbox v. Hays, 6 Watts 398; Hoffman v. Coster, 2 Whart. 468.

The reporter was not furnished with any counter statement by the defendant in error.

The opinion of the court was delivered, May 27th 1868, by

STRONG, J.—This was an action of replevin for a hog, in which the pleas were non cepit and property.   It was not disputed that the animal had belonged to the plaintiff, but the defendant claimed he had acquired the ownership in virtue of certain proceedings under the Act of 1705, entitled "An Act to prevent the running

8 P. F. SMITH—32

of swine at large," and its supplement of 1729. To maintain this defence he gave in evidence the record of a proceeding before F. B. Clouser, Esq., a justice of the peace, dated the 15th of October 1866, wherein it appeared that the justice adjudged the owner had forfeited half the value of the hog, and that the defendant had paid to the justice $7.50, half the appraised value. The whole controversy in this case relates to the sufficiency of this summary proceeding to divest the title of the plaintiff. The court below ruled the proceeding a nullity for want of jurisdiction in the magistrate at the time the adjudication was made. The justice's record, as originally made, did not state that the "hog was suffered to run at large," which it was essential should appear according to the ruling in Commonwealth *v.* Fourteen Hogs, 10 S. & R. 394–5. There it was said "the fact of the informant being the owner (of the land), and of the hog running at large, must appear on the justice's record to give him jurisdiction." As this did not appear on the record in that case, the proceeding was held to be *coram non judice* and void, and examinable in an action at common law. The record in this case, however, did show that some five months after it was first made, and after this suit was brought, an amendment was made by which the words "suffered to run at large" and "running at large," were introduced, by which the defect was cured. But the court ruled that this mode of perfecting records, and attempting to validate titles to personal property after suit brought for the wrong committed, the law will not permit. The jury was therefore instructed that the proceeding was absolutely void, notwithstanding the amendment, and that the plaintiff was entitled to recover. Herein it is said there was error. The argument in this court has been addressed principally to the question whether the record of the magistrate must not be taken as it now appears, and whether the amendment made under the circumstances detailed, is without effect upon the present rights of the parties. It is unnecessary to decide the question, for if the record had been at first as it is now, since the amendment, it would have been fatally defective, and insufficient to show a divestiture of the ownership of the plaintiff in the hog.

The Act of 1705 is very much out of the course of the common law. It is highly penal in certain cases, and by a defined process owners of swine may lose their ownership, and others may acquire the ownership. But this can only be in the cases described in the statute, and in the manner provided. As the owner may lose his property without notice, as a forfeiture may be adjudged against him without any proof by disinterested witnesses and without his knowledge, it is incumbent upon one who claims that he has acquired the property to show that the statutory forms of proceeding have been strictly pursued. A magistrate has no authority

[Strauser v. Kosier.]

to adjudge a forfeiture unless everything required by the Act of Assembly to give him such authority appears. A comparison of the act with the magistrate's record, in this case, will show that an essential pre-requisite to a forfeiture was wanting. The provisions of the act are, that if any person or persons shall find on his, her or their lands, any swine, hog, &c., without rings and yokes, it shall be lawful for him, her or them to kill and take and drive and carry them away, "and being so taken and carried away, the said takers shall forthwith acquaint a justice of the peace thereof, *and being by him legally attested, that the said swine were taken as aforesaid,* without yokes or bows and ring; the said justice shall immediately appoint and order two indifferent persons of the neighborhood to view and make a just and reasonable appraisement of all such swine, hogs, shoats or pigs, and to make return of their value, number and marks unto the said justice of the peace, as soon as conveniently it may be done after such appraisement, one moiety or half the value whereof shall be forfeit to the person or persons, owners or possessors of such lands where found and taken, and he or they that shall take up such swine as aforesaid, shall pay unto the said justice of the peace, for the use of the owner or owners of such swine, the other moiety or half part thereof; and, *thereupon,* the property of all such swine shall be and remain in the said owner or possessor of land, as aforesaid, to his and their own proper use and behoof for ever."

Under this act there can be no forfeiture of swine taken up when suffered to run at large, and no acquisition of ownership by the person taking them, unless he forthwith acquaint a justice, and *unless he is legally attested* by the justice that the said swine were taken up, as aforesaid without yokes or bows and ring. It is only when these things have been done that the justice is authorized to appoint appraisers. These things are essential to a forfeiture of half of the appraised value. It is after all this, and after the person taking the swine has paid to the magistrate half the value, that the forfeiture is complete. *Thereupon,* says the act, the property of all such swine shall be and remain in the owner or possessor of the land.

In this case the record of the summary proceeding is defective in this, that it does not appear the defendant who took up the hog and made the information was *legally attested* by the justice that the hog was taken up running at large, without yoke or ring and bow. This essential to any action by the justice and to any forfeiture is totally wanting, and without it the proceeding was inoperative to affect the title of the plaintiff to the hog for which the replevin was brought. The direction to the jury to return a verdict for the plaintiff, notwithstanding the record of the summary proceeding, was therefore correct.

Judgment affirmed.