# Heagy v. Weikert.

Rights and proceedings under the stray laws being out of the course of common law and highly penal, one who claims to have acquired property by virtue of their provisions must show that the statutory forms of procedure have been complied with.

No notice having been given to the owner of stray cattle, the Plaintiff cannot change his claim and obtain judgment "for damages for trespass etc."

STRAY LAWS, ACT APRIL 13, 1807—WANT OF NOTICE—
CHANGE OF CLAIM.

C. P. of Adams county.

Certiorari to Justice of the Peace.

J. L. Williams, Esq., for plaintiff.

E. A. Weaver, Esq., for defendant.

Opinion by S. McC. SWOPE, P. J., March 7th, 1902.

The record in this case is as follows: "Sept. 28, 1901, summons in assumpsit, trespass and damages not exceeding one

Heagy v. Weikert.

hundred dollars issued to James Wise, constable of Borough of Gettysburg, returnable Friday, October 4th, 1901, at two o'clock p. m. Claim damages for taking away from the plaintiff a heifer, taken up as a stray and feed and kept five days, and advertising, etc.

"Case was heard Friday, October 4, 1901, plaintiff William H. Heagy was called and testified, when Attorney for deft. moved for judgment of *non* suit because no evidence was offered to show that the heifer taken away was advertised according to law and no notice of the taking nor particular description of the color and marks, natural and artificial, of such stray was delivered to the township clerk.

"The Justice reserved his decision on the motion until Monday, October 7th, 1901, at 3 o'clock p. m. At said time case was continued to October 12, 1901, at 2 o'clock p. m., and plaintiff and Attorney for defendant were notified by mail.

"October 12, 1901, at 3 o'clock and three minutes p. m., plaintiff and his witnesses being present, defendant or his counsel not being present, plaintiff being sworn presents a claim for damages for trespass of heifer upon his, the plaintiff's, enclosed land and feeding of said heifer for 5 days.

Judgment was given against the defendant, John T. Weikert "for the sum of two dollars and costs of suit."

The exceptions to this record pressed by the. plaintiff in error are:

1st. The record shows a proceeding under the stray laws, and the said laws not having been complied with the judgment cannot stand.

2nd. The variance in the cause of action is fatal.

We think these exceptions are well taken and that these proceedings must be reversed.

This action was clearly brought to enforce the claimed rights of the plaintiff under the stray laws of April 13, 1807, and its supplements. His claim was "damages for taking away the plaintiff's heifer taken up as a stray and feed and kept 5 days."

Rights and proceedings under the stray laws are out of the course of the common law and highly penal, and one who claims to have acquired property by virtue of their provisions must show that the statutory forms of procedure have been complied with. Strasser v. Kosier 58 Pa. 498; Commonwealth v. A. Hoy 4 P. C. C. 76; Vandamager v. Wood, I Ash. 203.

The record in this case fails to show any pretence even of compliance with the requirements of the Act of 1807 in reference to strays, and the motion for *non* suit should have been sustained by the Justice.

We need but refer to one important duty of the plaintiff below, which the record fails to show he performed, and without which performance he is entitled to no rights under the stray law.

Sec. 2nd of said Act. P. & L. Dig. 4398 provides: "If any person shall discover upon his, her or their improved and inclosed lands any stray cattle, horse or sheep, it shall be the duty of such person or persons to give notice thereof to the owner of such stray, if he or she can be readily found, but if otherwise, such person as aforesaid, shall within four days deliver to the town clerk, aforesaid, a particular description of the color and marks, natural or artificial, of such stray or strays, in writing or other satisfactory way," for which a fee is to be paid, etc.

The record fails to show that this notice was given either to the owner or clerk.

Sec. 5 of said Act provides: "If any person or persons taking up any stray or strays shall neglect to give notice as hereinbefore directed, he, she or they, so offending, shall forfeit all right or title to, or recovery of any sum or sums of money for any trespass committed by the same, but shall deliver up said stray or strays so detained to the owner thereof, without any recompense, fee or reward whatsoever."

At the adjourned meeting, October 12, 1901, the plaintiff below seems to have been convinced that no right under the stray laws could be enforced and makes his claim "for damages

Heagy v. Weikert.

for trespass of heifer upon his lands and feeding of said heifer for 5 days."

This change of claim in the absence and without notice to the defendant below was irregular. If the plaintiff had driven the heifer away he could have recovered in trespass against its owner for damages, but what right, except under a strict compliance with the stray law, had he to pen up this heifer and charge for its keeping? The judgment is two dollars and costs. How much was for trespass and how much for the keeping?

The judgment before the Justice is reversed.

Reported by John B. & Donald P. McPherson, Esqs.,
Gettysburg, Pa.