# Xander v. Weiss.

In proceedings to obtain possession under the Act of December 14, 1863, it must appear "That the plaintiff was peaceably possessed of the premises, that he demised the same to the tenant in possession, or to some one under whom he claims, that the term for which the same was demised is fully ended, and that three months' previous notice has been given of his desire to repossess the same.

A judgment for possession cannot be sustained without a finding of the essential facts by the Justice.

The record must show a description of the premises under controversy in order that the Constable may deliver possession to the plaintiff when directed so to do.

PROCEEDINGS FOR POSSESSION—ACT OF DECEMBER 14, 1863—
LANDLORD AND TENANT—JUSTICE OF THE PEACE.

No. 133, October Term, 1902, C. P. of Montgomery Co.

Edw. F. Kane, Esq., for plaintiff.

Hillegass & Larzelere, Esqs., for defendant.

Opinion by A. S. SWARTZ, P. J., February 5, 1903.

EXTRACTS FROM THE RECORD OF THE JUSTICE OF THE PEACE.

## CIVIL SUIT.

Proceedings for possession of premises under Landlord and Tenant Act of 1863.

Xander v. Weiss.

August 13, 1902. Complaint of J. T. Xander, made on oath and filed as follows: That he is the agent for William Xander, owner of a certain premises with appurtenances, situated on Main street, Pennsburg, Montgomery county, Pa., and was in possession thereof April 1, 1902, when he demised said premises to Emma Weiss for a full term of one month, which term was fully ended. That said William Xander being desirous upon the termination of said term, to have again and re-possess the said estate, for that purpose did on the 30th day of April last passed, demand and require the said Emma Weiss to remove from and leave the same, and that the said Emma Weiss hath hitherto refused and still doth refuse to surrender possession of said premises, and that three months have elapsed since the service of said notice, he makes this complaint, that such proceedings may be taken as are directed by the Act of Assembly in such case made and provided. . . . . . .

And now, August 19, 1902, at three p. m. hearing.

Present: Ed. F. Kane, counsel for the plaintiff, Wm. Xander, plaintiff, J. T. Xander and F. K. Graber. Defendant not present. Wm. Xander sworn, says that he rented to one Emil Weiss on or about the 15th day of March, 1901, for the period of one month, beginning April 1st, 1901, a certain premises situated on Main street in the borough of Pennsburg, county of Montgomery, said state of Penna., at the rent of $13 per month, that it was distinctly understood at the time of making said contract that the said Emil Weiss should remove on a thirty days' notice, that the witness purchased the property on the 15th day of March and got title to the premises on April 1st, 1901.

And furthermore that on April 30th, 1902, he caused a notice to be served upon Emil Weiss requiring him to give up possession of the said premises three months from that date, to wit, on August 1st, 1902: Notice offered in evidence and marked "Exhibit A;" that on April 22, 1902, he received a letter from Hillegass & Larzelere, Attys. for the defendant. Said letter offered in evidence, and marked "Exhibit B;" that defendant has

refused to give up possession of said premises, about one week after August 1st, 1902, he called on the defendant and asked him what he intended to do, that the defendant refused to give possession, that the term for which said premises were rented is fully ended, and that he is again desirous of possessing said premises, and that three months or more have elapsed since the service of said notice, that the amount of rent due to Aug. 1st, 1902, is $65.

J. T. Xander sworn, says that he served the notice on the defendant requiring him to remove from the above described premises on or about Aug. 1st, 1902; that he served said notice personally, on April 30, 1902, and also gave him a copy of the same, that the copy offered in evidence and marked "Exhibit A" is a correct copy of the notice served by him and he was present when the premises was rented to the defendant and that it was distinctly understood that the term for which said premises was rented was only one month. F. K. Graber sworn, was present when the plaintiff purchased the premises on March 15th, 1901, and when he made the agreement with the defendant he rented the premises to him for one month from April 1st, 1901.

Defendant not present and no affidavit of defense filed.

Now, Aug. 19, 1902, judgment publicly given in favor of the plaintiff that the said Wm. Xander shall recover and have of the said Emil Weiss the sum of $65 for his damages as well as the costs of the within suit, and that the said Emil Weiss forthwith give possession of the above mentioned premises unto the said Wm. Xander. Said judgment being entered after hearing all the proofs and allegations.

## OPINION:

The proceedings were instituted under the act of Dec. 14, 1863, and the supplement of 1872. The essential facts to be found by the Justice are, "That the plaintiff was peaceably possessed of the premises, that he demised the same to the tenant in possession, or to some one under whom he claims, that the term for which the same was demised is fully ended, and that

Xander v. Weiss.

three months' previous notice has been given of his desire to re-possess the same." These facts must appear either in his judgment or he may find that the complaint which alleges these facts is true: Givens v. Miller, 62 Pa. 133.

In the proceedings before us the Justice gives judgment in favor of the plaintiff without finding the essential facts or without finding the complaint true as made before him. It follows that his judgment cannot be sustained.

The record also fails to give any description of the premises under controversy. If the Constable were directed to deliver possession to the plaintiff, we fail to see how he could find the property demised.

The sixth and eighth exceptions are sustained and the judgment is reversed.